J-S37020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM BRANDON CUMMINGS, | : | |
| | : | |
| Appellant. | : | No. 784 EDA 2019 |

Appeal from the PCRA Order Entered, February 19, 2019,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0000043-2006.

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                   **FILED AUGUST 08, 2019**

William Brandon Cummings appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

The pertinent facts and procedural history are as follows:  On October 13, 2006, a jury convicted Cummings of second-degree murder and related charges.  On December 18, 2006, the trial court sentenced him to an aggregate term of life in prison.  On August 11, 2008, this Court affirmed his

---

[1] Although the PCRA court originally denied Cummings' petition on September 18, 2018, it appears the PCRA court granted reconsideration and again denied post-conviction relief on February 19, 2019.  Cummings filed a timely appeal from this order.  **See infra**.  We have corrected the appeal paragraph accordingly.

judgment of sentence.  ***Commonwealth v. Cummings***, 961 A.2d 1271 (Pa. Super. 2008) (unpublished memorandum).  Cummings did not seek further review.

On January 5, 2009, Cummings filed his first *pro se* PCRA petition, and the PCRA court appointed counsel.  Subsequently, following a ***Grazier***[2] hearing, Cummings was permitted to proceed *pro se*.  Cummings then filed a supplemental PCRA petition.  After issuing notice of its intention to dismiss Cummings' PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907, and receiving no response, the PCRA court dismissed the petition on February 16, 2010.  Cummings filed a timely appeal, which this Court quashed on November 16, 2010.

On July 19, 2013, Cummings filed a second *pro se* PCRA petition.  After issuing Rule 907 notice, the PCRA court dismissed this petition by order entered January 14, 2015.  Cummings did not file an appeal.

On April 19, 2018, Cummings filed the *pro se* PCRA petition at issue, his third.[3]  In this petition, Cummings asserted various reasons why the trial court never possessed jurisdiction to convict him.  On June 5, 2018, the Commonwealth filed a response, in which it stated that Cummings' serial petition was untimely and that Cummings had not asserted any exception to

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[3] Over the years, Cummings has also unsuccessfully sought post-conviction relief via *habeas corpus* petitions in the federal courts.

the PCRA's time bar. Thereafter, Cummings filed two amendments to his petition without seeking leave of court. The PCRA court recounted the subsequent procedural history as follows:

On August 20, 2018 after taking into consideration all of [Cummings'] pleadings, and the record as a whole, this court issued Notice of Intent to Dismiss PCRA in Twenty Days. Having received no response from [Cummings], the court then entered an order on September 18, 2018 dismissing [Cummings'] PCRA petition [as untimely filed]. The record reflects that on October 4, 2018, [Cummings] filed a Motion for Reconsideration of the court's order dismissing his PCRA however, this court never received a copy of said Motion for Reconsideration. The court only became aware of the Motion for Reconsideration when [Cummings] filed a document titled "Inquiry to the Court" on February 13, 2009, requesting a status update on his "Motion for Reconsideration and Appeal to Superior Court." On February 19, 2019, this court entered an order denying [Cummings] Motion for Reconsideration and advising [Cummings] of his right to file an appeal.

On March 4, 2019, [Cummings] filed the instant Notice of Appeal to Superior Court from the order entered February 19, 2019, denying his Motion for Reconsideration. Simultaneously with the Notice of Appeal, [Cummings] also filed a "Response to Intent to Dismiss PCRA" as well as another Motion for Reconsideration. In his "Response," [Cummings] requested the court expand the record and hold a hearing on his PCRA petition. On March 6, 2019, this court entered an order denying his request for a hearing.

On March 14, 2019, the court entered an order requiring a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). The order was sent to [Cummings] via regular and certified mail. Both pieces of mail were returned to the court marked "Return to Sender, Inmate Refused." The court received the certified mail return receipt which had been signed by an official at the prison indicating it had been delivered to the prison but was subsequently refused by [Cummings]. As of the date of the writing of this Opinion, the court has not received a 1925

- 3 -

> Statement of [Errors] Complained of on Appeal from [Cummings].

PCRA Court Opinion, 4/25/19, at 3-4 (footnote omitted).[4]

Before addressing the issues Cummings raises on appeal,[5] we must first determine whether the PCRA court correctly determined that his current PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception

---

[4] In the omitted footnote, the PCRA court noted Cummings' previous allegations that correctional officers have interfered with his incoming and outgoing mail. The court then stated it had no proof as to the legitimacy of this claim, but found it "hard to believe that prison officials would accept delivery of [Cummings'] mail, but then return it alleging fraudulently that [Cummings] refused its acceptance." PCRA Court Opinion, 4/25/19, at 4 n.2.

[5] Cummings' *pro se* brief consists of three hand-written statements that nowhere include a statement of issues; the brief otherwise fails to comply with the requirements of the Pennsylvania Rules of Appellate Procedure. Nevertheless, as we agree Cummings' serial petition is untimely, we do not dismiss Cummings' appeal on this basis of the deficiencies in Cummings' *pro se* brief.

to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[6]  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[7]  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

---

[6] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[7] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year.  *See* Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3.  The sixty-day time period applies in this appeal.

Here, because Cummings did not file a petition for allowance of appeal to our Supreme Court after we affirmed his judgment of sentence on August 11, 2008, his judgment of sentence became final thirty days thereafter, or on September 10, 2008. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, Cummings had to file his first PCRA petition by September 10, 2009. Cummings filed his latest PCRA petition on April 19, 2018. Thus, the petition is patently untimely, unless Cummings has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Cummings has failed to prove any exception to the PCRA's time bar. Indeed, in his *pro se* brief, he does not even acknowledge the PCRA's time restrictions or the exceptions thereto.[8] Therefore, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of the Jones' petition. We therefore affirm its order denying post-conviction relief.[9]

Order affirmed.

---

[8] The only reference Cummings makes to the timeliness of his serial PCRA petition is the bare assertion that he believed he "has overcome the timeliness hurdle pursuant to the exception of newly discovered evidence . . . because my person in fact filed the petition within the 60 day rule thereof." Motion, 9/21/18, at 1.

[9] Given this disposition, we need not address whether Cummings waived his claims by failing to comply with Rule 1925(b). In addition, we note our agreement with the PCRA court's conclusions that Cummings' jurisdictional challenges are waived and/or baseless. **See** PCRA Court Opinion, 4/25/19, at 6-9.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/19